UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JAROD PERDICHIZZI,<br><br>Movant. | No. 2:16-cr-153-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Jarod Perdichizzi ("movant') brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 58. The government has filed an opposition thereto. ECF No. 63. Movant has also filed a motion for appointment of counsel. ECF No. 64. For the reasons set forth below, the motion for appointment of counsel is denied and the section 2255 motion must be denied.

    I.    Motion for Appointment of Counsel

There is no constitutional right to appointment of counsel for petitioners mounting collateral attacks on their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). And, in this case, counsel is unnecessary. Movant's claim is not legally complex,

and he has proven capable of articulating it without assistance of counsel. Thus, this motion is denied.

II. <u>Section 2255 Motion</u>

<u>Background</u>

Movant plead guilty to distribution of child pornography (18 USC § 2252(a)(2)) on March 7, 2017. ECF Nos. 26, 27. He was sentenced on January 9, 2018 (ECF No. 43) and, as part of his sentence, ordered to pay a $5,000 special assessment under the Justice for Victims of Trafficking Act of 2015. 18 U.S.C. § 3014(a); ECF Nos. 43, 44. Movant challenged that assessment on January 23, 2018, arguing that he was indigent within the meaning of 18 U.S.C. § 3014. ECF No. 45. On February 20, 2018, the Court denied the motion, reasoning that the passage of time had divested the district court of jurisdiction to act on a claim of clear error. ECF No. 53.

On December 3, 2018, movant filed the present section 2255 motion which raises two claims: (1) that the court erred in imposing the $5000 assessment and; (2) that his counsel was ineffective in failing to challenge the assessment. ECF No. 58 at 13-15.

<u>Analysis</u>

The government argues that movant cannot challenge the foregoing assessment by way of a section 2255 motion. The court agrees. The U.S. Court of Appeals for the Ninth Circuit has held that "by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order." *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999); *see also United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) ("28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody."). The same reasoning applies here where the relief sought is from the imposition of a fine. As noted *supra*, movant challenges only that assessment; he does not seek release. In light of the foregoing, the court need not reach the government's alternative arguments addressing procedural default and merit.

/////

After the government filed its response, movant filed a petition for writ of error coram nobis (ECF No. 65) wherein he argues that, if his claims regarding the restitution order are found not to be cognizable under section 2255, the court should construe his motion as a coram nobis petition. The court will not recommend doing so.

To qualify for relief under a writ of coram nobis, a petitioner must show, *inter alia*, that the error underlying his request is "of the most fundamental character." *See Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). It is unclear whether an error affecting restitution, like the one at bar, rises to that level. *See*, *e.g. United States v. Sloan*, 505 F.3d 685, 697-98 (7th Cir. 1989) ("[A]n order of restitution is no different than an award of damages in a civil litigation. 'It is a sunk cost rather than a continuing disability producing additional injury as time passes.'"); *United States v. Tonagbanua*, 706 F. App'x 744, 747-48 (3d Cir. 2017) (petitioner's claim that restitution amount could have been reduced had counsel challenged the presentence report findings did not show a fundamental error meriting coram nobis relief); *see also United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016) ("A fundamental error that invalidates a criminal proceeding is one that undermines our confidence that the defendant is actually guilty."). Regardless and more importantly, coram nobis relief is not available to an individual who, like movant, is still in custody. *See United States v. Brown*, 413 F.2d 878, 879 (9th Cir. 1969) ("Coram Nobis is not available, since he is still in custody."); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("Predictably, appellate courts, including ours, have consistently barred individuals in custody from seeking a writ of error coram nobis.").

## Conclusion

Accordingly, it is ORDERED that movant's motion for appointment of counsel (ECF No. 64) is DENIED.

Additionally, it is RECOMMENDED that:

1.  Movant's motion to vacate, set aside, or correct sentence (ECF No. 58) be DENIED;

/////

/////

3

2. Movant's petition for writ of error coram nobis (ECF No. 65) be DENIED; and

3. The Clerk be directed to close the companion civil case, No. 2:18-cv-3147-JAM.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4